DUNNEGAN & SCILEPPI LLC
350 Fifth Avenue
New York, New York 10118
William Dunnegan
Laura Scileppi
Richard Weiss
(212) 332-8300
(212) 332-8301 Facsimile

*Attorneys for Creditor Wendy Starland*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

HONORABLE VINCENT F. PAPALIA
CASE NO. 15-15604 (VFP)

In re:

ROBERT FUSARI,

                Debtor.

Chapter 7

## MOTION OF CREDITOR WENDY STARLAND
## FOR AN ORDER ALLOWING AND FIXING HER CLAIMS

Creditor Wendy Starland ("Starland") hereby moves pursuant to 11 U.S.C. § 502 for an order allowing and fixing her claims for breach of contract and breach of fiduciary duty against the debtor in the amount of $7,340,696 plus 50 percent of the debtor's future revenue from his relationship with Stefani Germanotta p/k/a Lady Gaga or any of her companies ("Lady Gaga").   Alternatively, if the Court finds that Starland should not prevail on her claims for breach of contract and breach of fiduciary duty, Starland moves to allow and fix her claims for unjust enrichment in the amount of $8,800,000 plus all of the debtor's future revenue from his relationship with Lady Gaga, or *quantum meruit* in the amount of $5,408,000 plus 50 percent of

the debtor's future revenue from his relationship with Lady Gaga, or in such lesser amounts as the Court may determine.

The District Court conducted an eight-day jury trial on these claims in the action entitled Starland v. Fusari, 10-cv-4930 (JLL)(JAD), from November 5 to 17, 2014. That trial resulted in (i) a jury verdict on the breach of contract and breach of fiduciary duty claims in favor of Starland and against the debtor for $7,340,696 plus 50 percent of the debtor's future revenue from his relationship with Lady Gaga, and (ii) a final judgment for those amounts entered February 11, 2015. By orders entered September 3 and 4, 2015, the District Court vacated the final judgment and ordered a new trial on all claims, because the District Court found that it had erroneously admitted into evidence eight words, from the deposition of Lady Gaga, during the eight-day trial ("Eight Words"). (Dkt. 632 at 8-21/32; sealed) These District Court orders reversed (a) the District Court's "carefully considered" October 30, 2014, written *in limine* decision ruling that those Eight Words were "admissible and relevant" (Dkt. 482 at 3/3), and (b) the District Court's decision at trial to confirm that "carefully considered" decision and allow the Eight Words to be read into evidence. (Dkt. 632 at 19-20/32; sealed)

In support of Starland's motion for an order allowing and fixing the amount of her claims, we offer (a) the transcripts of the eight-day trial in the District Court, filed under the District Court's docket numbers 540 to 547 (sealed) and 610 to 616 (redacted), and (b) the exhibits received in evidence at the trial, identified at docket number 511. We will transmit to the Court, the attorneys for the debtor, and the Chapter 7 Trustee (a) the unredacted transcripts, and (b) the exhibits received in evidence. We will redact the Eight Words from the transcripts of November 13, 2014, the deposition reading (Tr. 6.155:5-7), and November 17, 2014, the summation (Tr. 8.55:2-4). In addition, to conform to the September 3, 2015, decision of the

District Court (Dkt. 632 at 25-27/32; sealed), we request that the Court disregard the testimony of Lady Gaga to the extent that Starland told Lady Gaga that Starland had a contract with the debtor.  We cannot redact this testimony without rewriting it.

Starland respectfully requests that this Court enter an order allowing and fixing the claims of Starland based upon this record.

- The testimony of the debtor is admissible under FRE 801(d)(2) because it is an admission of a party opponent.

- The (now redacted) deposition testimony of Lady Gaga is admissible (as it was at the trial in the District Court) under FRE 804(b)(1) because Lady Gaga is unavailable and because the debtor has a contractual obligation not to object to the use of that deposition.

- The testimony of Starland and Sheldon Steiger is admissible because it meets the requirements of FRE 807.

Starland offers the opening and closing statements, the colloquy, and the District Court's charge to the Jury, even though they are not evidence, because they may assist the Court in preparing its findings of fact and conclusions of law.  Starland will submit proposed findings of fact and conclusions of law upon the request of the Court.

Starland waives her right to a jury trial only in the Bankruptcy Court, and not the District Court, and only to the extent that this waiver is necessary to permit the Bankruptcy Court to enter an order allowing and fixing the amount of her claims.

A proposed order is attached.

Dated:  September 29, 2015

Respectfully submitted,

DUNNEGAN & SCILEPPI LLC

By_____*/s/ William Dunnegan*_____
            William Dunnegan

*Attorneys for Creditor Wendy Starland*